# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ANYIBEL PRIETO LOPEZ,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); OFFICER IN CHARGE, EL PASO SERVICE PROCESSING CENTER; ALEJANDRO MAYORKAS, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; AND MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES;** | § | **No. 3:26-CV-01991-LS** |
| | § | |
| ***Respondents*.** | § | |

**ORDER DISMISSING CASE**

Petitioner seeks a writ of habeas corpus ordering her release from immigration custody during removal proceedings. Petitioner claims that refusal to hold a bond hearing violates her Due Process rights.[1] Respondents concede that she may request a bond hearing under 8 U.S.C. § 1226,[2] "*but she simply hasn't requested it*."[3] The government has not denied bond or refused a bond hearing, and the Board of Immigration Appeals has not reviewed any decision. Therefore, Petitioner has not exhausted her administrative remedies,[4] and whether denying bond or refusing

---

[1] *See* ECF No. 1.
[2] *See* ECF No. 8 at 2.
[3] *Id.* (emphasis in original).
[4] *See Lee v. Gonzales*, 410 F.3d 778, 786 (5th Cir. 2005) ("[A] petitioner must exhaust available avenues of relief and turn to habeas only when no other means of judicial review exists.").

a bond hearing violates Due Process is not ripe for review.[5] The Court accordingly **DISMISSES** this action without prejudice, and all pending motions are **DENIED AS MOOT**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 24, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[5] *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) ("[A] case is not ripe if further factual development is required.").